IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAY BLANCHARD                           *
      Plaintiff,
   v.                                  *   CIVIL ACTION NO. PJM-16-593

P.G. COUNTY CORRECTIONS                 *
MARY LOU MCDONOUGH
DR. MESKARAM                            *
DR. ABU
DR. REMERO                              *
MRS. MCTERRAN
OFFICER K. REID                         *
      Defendants.
                                  *****

**MEMORANDUM OPINION**

On February 29, 2016, the Court received for filing an "Affidavit" submitted by detainee Ray Blanchard. ECF No. 1. Blanchard raised a laundry list of claims regarding his detention at the Prince George's County Detention Center ("PGCDC").[1] He alleged that he was denied access to the PGCDC grievance system; PGCDC staff used excessive force against him on July 14, 2015; detainees are provided inadequate medical treatment; the PGCDC commissary is overpriced; PGCDC staff hinder, obstruct and prevent the forwarding of personal, legal and special mail; detainees are denied due process in the taking of telephone, commissary, and other privileges prior to a disciplinary hearing; and detainees are denied "leisure and law library" public information.[2] *Id.*

---

[1] Blanchard is now confined at the Maryland Correctional Institution in Hagerstown.

[2] The Prince George's County Department of Corrections is not a proper defendant in a 42 U.S.C. § 1983 action, for which a plaintiff must allege injury by a "person" acting under color of state law. *See* 42 U.S.C. § 1983; *Monell* v. *Dep't of Soc. Servs. of City of New York,* 436 U.S. 658,

In his Supplemental Complaint, Blanchard alleges that on July 14, 2015, excessive force was applied against him when Officer Reid pushed Blanchard's arms against the wall and grabbed him around the collar and forced him "into the direction of the multipurpose room." ECF No. 14. He also claims that Reid defamed him by stating very loudly "you mother fuckers aint nothing [but a] bunch of crackheads and dope fiends" and continuing to use obscene language. Blanchard further states that his medical needs were seemingly neglected as to his rheumatism, eyeglasses, medically restricted housing, pain medication, ace wrap bandages. He next claims that he and other detainees were denied meaningful access to the courts as they were denied copies of information related to civil litigation, the attorney grievance process, habeas corpus, and "misrepresentation." Blanchard additionally claims that his grievance was not responded to, and he was subject to officer "harassment." *Id*.

Pending before this Court are Blanchard's Motion for Appointment of Counsel, a Motion Requesting Amendment and Consolidation with *Ali v. Prince George's County Department of Corrections*, et al., Civil Action No. PWG-16-186 (D. Md.),[3] a Motion to Amend the Civil Rights Complaint, and a Motion for Default Judgment. ECF Nos. 9, 10, 13, & 16.

---

690 & n. 55 (1978). Accordingly, the Prince George's County Department of Corrections shall be dismissed from the suit.

[3] In *Ali v. Prince George's County Department of Corrections*, Civil Action No. PWG-16-186, the Plaintiff alleged that Prince George's County has a dilatory booking process; he was denied necessary medication, attendance at daily religious services, and access to a case manager while at PGCDC; denied an inmate grievance on separate occasions; charged for personal grooming and medical services; subject to excessive force in 2014, and denied medical care. *Id*., ECF No. 1.

Defendants McTernan,[4] McDonough, and Reid[5] have filed a Motion to Dismiss and Alternatively, for Summary Judgment, arguing that Blanchard's Complaint should be dismissed for the failure to state a claim. They assert that Blanchard has failed to demonstrate injury associated with his excessive force, access-to-courts, medical, verbal abuse, grievance, defamation, and conditions of confinement (commissary) claims.[6] ECF No. 18.

In his Opposition response, Blanchard seemingly claims that Defendants have answered the Complaint in an untimely and dilatory manner. ECF No. 20. He further argues that he can maintain a constitutional claim of excessive force even when the force applied does not result in serious injury. Blanchard states that he has set out a claim of defamation based upon Officer Reid's spoken words. He additionally claims that he was stripped of his medical necessities and denied treatment for his rheumatism. Blanchard complains that he was denied access to the courts in that he was deprived of copies of "civil litigation," and information regarding attorney grievance, habeas corpus cases, and misrepresentation information causing several legal proceedings to become "fatally flawed." Finally he contends that his right to access the PGCDC grievance system implicated his access to the courts and resulted in "serious harassment." *Id*.

### Pending Non-Dispositive Motions

---

[4] The Clerk shall amend the docket to reflect the correct spelling of this Defendant's surname.

[5] Service of process was not effected on Defendants Meskaram, Abu, and Remero.

[6] Counsel accepted service and entered an appearance on behalf of Defendants McDonough, McTernan, and Reid on June 13, 2016, and subsequently filed Motions for Extension of Time to file a Response. ECF Nos. 12-13, 15, & 17. The Motions shall be granted nunc pro tunc.

Blanchard, who was granted leave to proceed in forma pauperis, seeks the appointment of counsel, claiming that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate this case, the issues in the case are complex, he has limited access to the law library, an d his case will likely involve conflicting testimony.   ECF No. 9.

"The court may request an attorney to represent any person" proceeding in forma pauperis who is "unable to afford counsel." 28 U.S.C. § 1915(e)(1) (2012). In civil actions, however, the Court appoints counsel only in exceptional circumstances. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). In doing so, the Court considers "the type and complexity of the case," whether the plaintiff has a colorable claim, and the plaintiff's ability to prosecute the claim. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (internal quotation marks and citations omitted), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). Exceptional circumstances include a litigant who "is barely able to read or write," *id*. at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008); *see also Altevogt v. Kirwan*, No. WDQ-11-1061, 2012 WL 135283, at *2 (D. Md. Jan. 13, 2012).

Blanchard's proffered reasons for the appointment of counsel fail to show exceptional circumstances or a particular need that would require the immediate assistance of an attorney.  He has presented his claims, as well as his motions, and his case has not yet proceeded to discovery or a hearing.  For these reasons, appointment of counsel is not warranted at this time.  Blanchard's Motion to Appoint Counsel is therefore dismissed without prejudice.  Should the case progress to discovery or a hearing, he may renew his Motion.

Blanchard next seeks to amend and consolidate his case with *Ali v. Prince George's County Department of Corrections*, Civil Action No. PWG-16-186. (D. Md.). ECF No. 10. The Motion shall be denied as review of both cases show that the allegations are personal to each of the claimants, and involve particularized claims, which have little to no shared assertions.

Blanchard further seeks to amend his Complaint to add additional Defendants and facts to the Complaint, as their names are revealed to him. ECF No. 13. Blanchard then levels another laundry list of claims, but fails to provide any particular facts or dates as to how his rights were violated by the named and unnamed parties. For these reasons Blanchard's Motion to Amend shall be denied without prejudice.

## Dispositive Motion

Defendants McTernan, McDonough, and Reid's dispositive motion, which solely questions the adequacy of Blanchard's Complaint, shall be evaluated as a Motion to Dismiss. The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to test the sufficiency of the Complaint. *See Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A Plaintiff's Complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, the Court must consider all well-pleaded allegations in a Complaint as true, *Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light

most favorable to the Plaintiff, *see Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)). Because Blanchard is self-represented, his submissions are liberally construed. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). In evaluating the Complaint, the Court need not accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal,* 556 U.S. at 679, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] ... that the pleader is entitled to relief.' " *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* A Complaint needs to give the parties sufficient notice as to the type of claim being alleged. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005).

Blanchard has undoubtedly raised a large number of constitutional claims concerning the time of his pre-trial detention at the PGCDC. At this juncture, the Court concludes that his allegations are bereft of adequate facts so as to put Defendants McTernan, McDonough, Reid and others on notice of the constitutional claims raised against them and the exact nature of Blanchard's injuries.[7] His claims at present state nothing more than unadorned accusations that he was

---

[7] Blanchard continues to allege he was injured, but he does not specify the nature of these injuries.

unlawfully harmed. He has failed to provide particularized information regarding his excessive force, access-to-courts, medical, and grievance allegations. Defendants McTernan, McDonough, and Reid's dispositive motion shall be dismissed without prejudice. Blanchard shall be granted additional time to submit a Supplemental Complaint which responds to the Court's concerns and addresses his omissions. A separate Order follows.


Date: January 25, 2017                         _____/s/_____
                                                                   PETER J. MESSITTE
                                                            UNITED STATES DISTRICT JUDGE