IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAY BLANCHARD                           *
           Plaintiff,
   v.                                   *   CIVIL ACTION NO. PJM-16-593

MARY LOU MCDONOUGH                      *
DR. MESKARAM
DR. ABU                                 *
DR. REMERO
MRS. MCTERNAN                           *
OFFICER K. REID
           Defendants.           *
                          *****

## **MEMORANDUM OPINION**

On February 29, 2016, the Court received for filing an "Affidavit" submitted by detainee Ray Blanchard. ECF No. 1. Blanchard raised a laundry list of claims regarding his detention at the Prince George's County Detention Center ("PGCDC").[1] He alleged that he was denied access to the PGCDC grievance system; PGCDC staff used excessive force against him on July 14, 2015; detainees are provided inadequate medical treatment; the PGCDC commissary is overpriced; PGCDC staff hinder, obstruct and prevent the forwarding of personal, legal and special mail; detainees are denied due process in the taking of telephone, commissary, and other privileges prior to a disciplinary hearing; and detainees are denied "leisure and law library" public information.[2] *Id.*

---

[1] Blanchard is now confined at the Roxbury Correctional Institution in Hagerstown.

[2] On January 25, 2017, the Prince George's County Department of Corrections, an original Defendant, was dismissed from the Complaint under *Monell* v. *Dep't of Soc. Servs. of*

In his Supplemental Complaint, Blanchard alleges that on July 14, 2015, excessive force was applied against him when Officer Reid pushed Blanchard's arms against the wall and grabbed him around the collar and forced him "into the direction of the multipurpose room." ECF No. 14. He also claims that Reid defamed him by stating very loudly "you mother fuckers aint nothing [but a] bunch of crackheads and dope fiends" and continued to use obscene language. *Id*.

Blanchard further states that his medical needs were seemingly neglected as to his rheumatism, eyeglasses, medically restricted housing, pain medication, and ace wrap bandages. *Id.*

He next claims that he and other detainees were denied meaningful access to the courts as they were denied copies of information related to civil litigation, the attorney grievance process, habeas corpus, and "misrepresentation." *Id*.

Blanchard additionally claims that his grievance was not responded to, and he was subject to officer "harassment." *Id*.

On January 25, 2017, Blanchard's Motion for Appointment of Counsel, Motion Requesting Amendment and Consolidation with *Ali v. Prince George's County Dep't of Corr.*, et al., Civil Action No. PWG-16-186 (D. Md.),[3] Motion to Amend the Civil Rights Complaint, and

---

*City of New York,* 436 U.S. 658, 690 & n. 55 (1978). Accordingly, the Prince George's County Department of Corrections shall be dismissed from the suit.

[3] In *Ali v. Prince George's County Dep't of Corr.*, Civil Action No. PWG-16-186, the Plaintiff alleged that Prince George's County has a dilatory booking process; he was denied necessary medication, attendance at daily religious services, and access to a case manager while at PGCDC; denied an inmate grievance on separate occasions; charged for personal grooming and medical services; subject to excessive force in 2014, and denied medical care. *Id*., ECF No. 1.

Motion for Default Judgment were denied. Further, Defendants McTernan, McDonough, and Reid's[4] Motion to Dismiss and Alternatively, for Summary Judgment was dismissed without prejudice. Blanchard was instructed to file a Supplemental Complaint. ECF Nos. 21 & 22.

Blanchard's court-ordered Supplemental Complaint names PGCDC Director McDonough and Correctional Officer Reid as Defendants.[5] He states that on July 14, 201[5], Correctional Officer Reid used excessive force against him and another PGCDC detainee. He claims that Reid "forcibly pushed [Blanchard's] arms higher on the wall for no legitimate purposes, additionally using obscenities." Blanchard additionally claims that Reid later grabbed him around the collar and forcibly pulled him in the direction of the multipurpose room. ECF No. 27, p. 4. He additionally names "Zone Commanders" Waddy and Kamara and Correctional Officer Kwaitan as Defendants, claiming that Waddy and Kamara failed to respond to his request for a grievance form to raise a claim about Reid's alleged action and Kwaitan informed him it was "not a grievable issue" and refused to retrieve him a grievance form on other occasions, thus violating PGCDC policy. He maintains that these "tactics are used to prevent and discourage …detainees to access the courts." *Id.*, pp. 5-7. The Supplemental Complaint also discusses the non-response of Major Cedrick Gamble to a State court writ of mandamus which was seemingly filed regarding the distribution of grievance forms. He raises an equal protection claim, claiming that he was treated differently from other detainees who requested and received forms. Finally, Blanchard alleges that Director McDonough is liable due to her responsibility for the overall

---

[4] Service of process was not effected on Defendants Meskaram, Abu, and Remero.

[5] Blanchard lists Messrs. Waddy and Kamara, as well as Major Cedrick L. Gamble as Defendants in the caption of his Supplemental Complaint. ECF No. 27, pp. 1, & 3.

operation of PGCDC and she is "very familiar with the numerous facts and allegation[s] of 'official misconduct' and 'excessive force'" leveled in the Supplemental Complaint and has failed to correct the illegal conduct.6 *Id.*, pp. 9-11. He seeks declaratory, injunctive, and other miscellaneous relief, as well as monetary damages. ECF No. 27, pp. 9-12.

## Defendants' Motion to Dismiss

Defendants McTernan, McDonough, and Reid have filed a "Second" Motion to Dismiss, arguing that Blanchard's supplemental filing fails to set out a federal claim. ECF No. 30. Blanchard has filed an Opposition. ECF No. 34. As previously noted, the purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to test the sufficiency of the Complaint. *See Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A Plaintiff's Complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, the Court must consider all well-pleaded allegations in a Complaint as true, *Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the Plaintiff, *see Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776,

---

6  In an accompanying Affidavit Blanchard raises multiple claims regarding detainees at PGCDC involving access to courts, excessive force, medical treatment, cleaning supplies and toiletries, mail obstruction, and property and "nutritious' food deprivations. ECF No. 27-2. He asks that his claims against Defendants Meskaram, Abu, Remero, McTernan, and Prince George's County Corrections be dismissed without prejudice. *Id.*

783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)). Because Blanchard is self-represented, his submissions are liberally construed. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). In evaluating the Complaint, the Court need not accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal,* 556 U.S. at 679, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] ... that the pleader is entitled to relief.' " *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* A Complaint needs to give the parties sufficient notice as to the type of claim being alleged. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005).

Blanchard asks that his Complaint against Defendants Meskaram, Abu, Remero, and McTernan be dismissed without prejudice. His request shall be granted. This leaves Blanchard's claims of "excessive force" against Reid, his supplemental claims regarding the PGCDC grievance process against Correctional Officers Kwaitan, "Zone Commanders" Waddy and Kamara, and Major Gamble, and his supervisory liability claim against Director McDonough for the Court's examination.

Blanchard alleges that Reid used excessive force against him when on July 14, 2015, during a cell "shake down," Reid forcibly pushed Blanchard's arms higher on the wall, grabbed Blanchard around the collar, and forcibly pulled him in the direction of a multi-purpose room. As interpreted under the Constitution, pretrial detainees such as Blanchard cannot be punished at all, much less "maliciously and sadistically." *Ingraham v. Wright,* 430 U.S. 651, 671–672, n. 40 (1977); *Graham v.* Connor, 490 U.S. 386, 395, n. 10 (1989). A plaintiff must prove " 'that Defendants inflicted unnecessary and wanton pain and suffering' upon the detainee." *Carr v. Deeds,* 453 F.3d 593, 605 (4th Cir. 2006). (quoting *Taylor v. McDuffie,* 155 F.3d 479, 483 (4th Cir.1998)). "The proper inquiry is whether the force applied was in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* (quoting *Taylor v. McDuffie,* 155 F.3d 479, 483 (4th Cir. 1998)). A plaintiff is no longer required to demonstrate that his injuries are not *de minimis. Wilkins v. Gaddy,* 559 U.S. 34, 38-39 (2010).

The Supreme Court held that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2473 (2015). It is enough that a pretrial detainee show that the "force purposely or knowingly used against him was objectively unreasonable," *id.*, regardless of an officer's state of mind, *id.* at 2472 (cited in *Dilwworth v. Adams,* 841 F.3d 246, 255 (4th Cir. 2016). Pursuant to *Kingsley,* this Court must consider whether under the "facts and circumstances" of this particular case, and from the "perspective of a reasonable officer on the scene," the force used against Blanchard was objectively excessive. *Kingsley* at 2473.

Blanchard's claims of aggressive pushing and pulling, if true, may involve unjust behavior on the part of Reid, but given the asserted amount of force applied and the absence of any avowed physical injury, they do not rise to the constitutional level of punishment under the Fourteenth Amendment.

Moreover, Blanchard's claim that Reid called detainees "crackheads" and "dope fiends," while offensive, is not actionable under § 1983. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 n. 11 (10th Cir. 1998); *accord Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D. N.Y. 1998) ("verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right" under section 1983); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Cole v. Cole*, 633 F.2d 1083, 1091 (4th Cir. 1980); *Partee v. Cook County Sheriff's Office*, 863 F.Supp. 778, 781 (N.D. Ill. 1994).

Blanchard's assertion that Zone Commanders Waddy and Kamara, along with Correctional Officer Kwaitan and Major Gamble, did not respond to his requests for grievance forms or told him he did not have a grievable issue, fares no better. Without more, the assertions fail to set out colorable claim. The law in this Circuit dictates that no constitutional entitlement to grievance procedures or access to such procedures is created merely because such procedures are voluntarily established by a state.[7] *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).[8]

---

[7] Blanchard's allegation that the correctional officers violated PGCDC policy does not state a federal claim. *See Riccio v. City of Fairfax, Va.*, 907 F.2d 1459 (4th Cir. 1990) (violations of a procedure not required by the Constitution does not state a due process claim).

Finally, with regard to Blanchard's claim against Director McDonough, he has failed to allege her personal participation. In order for liability to exist under 42 U.S.C. § 1983, the Defendant must be personally involved in the alleged violation. *See Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994). Under *Shaw*, supervisory liability may attach under § 1983 if a plaintiff can establish three elements: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices", and (3) an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Id.* at 799 (citations omitted).

No allegation demonstrates the supervisory liability of McDonough with regard to the allegations at issue here. *See Shaw*, 13 F.3d at 799. Indeed, aside from Blanchard's conclusory statement, there is no evidence that McDonough had actual or constructive knowledge of alleged problems with correctional officer use of force or a detainees' access to grievance forms. Moreover, given the absence of an underlying claim against the correctional officers, no claim may be stated against McDonough. The liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Bayard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001), citing *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). Blanchard's claim with regard

---

[8] This Circuit has held that prison officials violate a prisoner's clearly established right when they retaliate against him for filing a grievance. *See Booker v. South Carolina Dep't. of Corr.*, 855 F.3d 533, 545 (4th Cir. 2017). Nowhere does Blanchard make such an allegation.

to Director McDonough is based on her supervisory position. She does not appear to have been personally involved in the issues presented here, or to have had actual or constructive knowledge thereof. Accordingly, McDonough is entitled to judgment as a matter of law. Defendants' Motion to Dismiss is granted in part as to Defendants McDonough and Reid.[9] A separate Order follows affecting the rulings entered herein.[10]

                                                  /s/
                              PETER J. MESSITTE

May 30, 2018                  UNITED STATES DISTRICT JUDGE

---

[9] Again, the complaint against Defendant McTernan is dismissed without prejudice upon Blanchard's voluntary dismissal request.

[10] Title 28 U.S.C. § 1367(a) states, in part, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Supplemental jurisdiction, also called pendant jurisdiction, only includes "other claims" related to "claims <u>in the action</u>" that convey original jurisdiction. Under supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch." David D. Siegel, Commentary on 1990 Revision, appended to 28 U.S.C. § 1367 (West 1993).

This Complaint presents no federal claims to which the state law claim could attach to convey supplemental or pendant jurisdiction. In the absence of establishing a constitutional deprivation, Blanchard does not show that this Court can exercise supplemental jurisdiction over his tort claim or any claim filed under Maryland statute. As all federal claims have been dismissed, the Court declines to take supplemental jurisdiction over any State law claims raised by Blanchard. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-51 (1988).